No. 6742

First Circuit Appeal

HOWELL J. THOMPSON v. WADE J. GARNIER

(Feb. 18, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**
The findings of the trial judge on matters of fact being clearly correct are affirmed.

Appeal from the Twenty-fifth Judicial District, Parish of Tangipahoa, Hon. Columbus Reid, Judge.

This is a suit to collect money for meals furnished gusts of defendant.

Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

H. Mixon, of Amite, attorney for plaintiff, appellee.

Purser & Magruder, of Amite, attorneys for defendant, appellant.

ELLIOTT, J. Plaintiff, Howell J. Thompson, proprietor of a restaurant alleges that at the request of the defendant, Wade J. Garnier, he furnished meals to guests of said Garnier, for which he claims payment. Defendant's is a denial of liability.

The district judge, after hearing the facts decided in favor of the plaintiff. Defendant appealed.

The evidence shows that the claim is for meals furnished to baseball players. The plaintiff testifies that the meals were not to be paid for by the ball players themselves, but that Mr. Garnier arranged with him to furnish the meals and that he would pay for same.

Two witnesses, Houeye and May corroborate Mr. Thompson in some respects, also Doctor McClendon, who says speaking of the baseball game business "Wade ran it and paid the bills".

Mr. Garnier admits that he ordered the meals, but contends that in doing so he was acting for the baseball club. We quote the following from his evidence:

"Q. Did you order Mr. Vardman's meals or instruct them that you would pay for them and have them charged to your account?

"A. No, sir, not to my account.

"Q. Did you ever tell Mr. Thompson that you, personally, would pay for any of these baseball players' accounts?

"A. No, sir.

"Q. Did you give Mr. Thompson instructions to feed these men, Mr. Vardaman and all?

"A. I did, we had to leave a list there and tell them who to feed that day. If we didn't the whole doggone town would be living off the club."

The checks and tickets offered in evidence do not negative personal responsibility on the part of the defendant for these meals.

According to the plaintiff his claim is not a debt due him by the ball players, but by the defendant.

We do not think the finding of the facts by the district judge should be interferred with in this case.

The judgment appealed from appears to be correct. It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, the defendant and appellant to pay costs of both courts.